

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-226-CR**

TERRY HORNER                                           APPELLANT

V.

THE STATE OF TEXAS                                  STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Terry Horner waived his right to a jury trial, entered an open plea of guilty to criminal mischief—$1,500 or more but less than $20,000[2]—and pleaded true to two enhancement paragraphs. Horner now appeals his conviction and twelve-year sentence. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 28.03(b)(4)(A) (Vernon 2007).

Horner's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave Horner the opportunity to file a pro se brief, and he has not filed one. The State also has not filed a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Horner entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Horner's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2009